UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BERTILLA NCHUO KUM #A241-410-179** | **CIVIL ACTION NO. 6:25-CV-00451 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ALLEN ROSS ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Bertilla Nchuo Kum ("Kum"). Kum is an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. She seeks release from detention.

Because the Kum is not entitled to habeas relief at this time, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

**I.  Background**

Kum is a native and citizen of Cameroon. ECF No. 1 at 9. She entered the United States on July 17, 2023, as a refugee seeking asylum. *Id*. Kum was inspected by border patrol but was not admitted or paroled. *Id.* She was detained and issued a Notice and Order of Expedited Removal pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").

On August 4, 2023, U.S. Citizenship and Immigration Services ("USCIS") found Kum to have a credible fear of persecution or torture if removed to Cameroon. She was issued a Notice to Appear pursuant to §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA.

On November 23, 2023, ICE reviewed Kum's file and declined to parole her from custody pursuant to § 212(d)(5) because she was determined to be a security risk.  ECF No. 13-2 at 1.

On May 6, 2024, Kum filed a motion for the administrative closure of removal proceedings based on a pending application for Temporary Protected Status.  The motion was granted the following day.  ECF No. 13-3 at 2.  The Government's appeal was dismissed.  *Id.*

On November 13, 2024, the Department of Homeland Security ("DHS") filed a motion to re-calendar, which was denied.  *Id.*  The BIA vacated the ruling and reinstated removal proceedings on June 6, 2025.  *Id.*  According to the automated case information of the Executive Office for Immigration Review, Kum has a master hearing scheduled on October 29, 2025.[1]

The Government filed a Response to the Petition.  ECF No. 13.  Kum did not submit a reply.

---

[1] https://acis.eoir.justice.gov/en/caseInformation

## II.     Law and Analysis

Kum is a noncitizen present in the United States without having been admitted or paroled.  8 U.S.C. § 1225(a)(1).  Accordingly, she is an "applicant for admission." *Id.* ("An alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission.").

An applicant for admission is subject to mandatory detention pending full removal proceedings "if the examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (such noncitizens must "be detained for a proceeding under section 1229a"); *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); 8 C.F.R. § 235.3(b)(3) (a noncitizen placed into Section 1229a removal proceedings in lieu of expedited removal proceedings under Section 1225(b)(1) "shall be detained" pursuant to 8 U.S.C. § 1225(b)(2)).  DHS has the sole discretion to temporarily release on parole "any alien applying for admission to the United States" on a "case-by-case basis for urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5)(A); *see Biden v. Texas*, 597 U.S. 785, 806 (2022).

Since Kum, who was detained upon entering the United States, is an applicant for admission under § 1225(b), there is no statutory entitlement to release on bond or to a bond hearing.  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103,

111 (2020); *see also See Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (8 U.S.C. §§ 1225(b)(1) and 1225(b)(2) mandate detention of aliens throughout the completion of applicable proceedings). Although Kum's detention has been lengthy, her detention is mandatory and lawful under § 1225(b).[2] It is also noted that Kum's case was administratively closed for 13 months at her request. Proceedings have now resumed, and a hearing is scheduled later this month.

## III. Conclusion

Because Kum is not entitled to habeas relief at this time, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[2] It is also noted that other lengthy periods of detention pending immigration proceedings have been deemed constitutional. *See, e.g., O.D. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-222, 2021 WL 5413968, at *5 (M.D. Ga. Jan. 14, 2021), *report and recommendation adopted*, 2021 WL 5413966 (M.D. Ga. Apr. 1, 2021) (denying due process challenge to 19 months in immigration custody, noting, "a significant factor weighing against a finding that Petitioner's detention has become unreasonably prolonged is the fact that he has been provided with a bond hearing, a custody re-determination, and BIA de novo review of the [Immigration Judge]'s custody decision"); *Sigal v. Searls*, No. 1:18-CV-00389, 2018 WL 5831326, at *5, 9 (W.D.N.Y. Nov. 7, 2018) (denying habeas relief to petitioner detained for 17 months after "tak[ing] into account all of the factual circumstances"); *Hylton v. Shanahan*, No. 15-CV-1243, 2015 WL 3604328, at *6 (S.D.N.Y. June 9, 2015) (detention without bail for roughly two years did not violate due process); *Luna-Aponte v. Holder*, 743 F. Supp. 2d 189, 197 (W.D.N.Y. 2010) (three years).

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error.

Signed at Lafayette, Louisiana on this 21st day of October, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE